# Exhibit 8

**BRYAN CAVE LEIGHTON PAISNER LLP**
Allison C. Eckstrom, California Bar No. 217255
Christopher J. Archibald, California Bar No. 253075
1920 Main Street, Suite 1000
Irvine, California  92614-7276
Telephone:  (949) 223-7000
Facsimile:  (949) 223-7100
E-Mail:  allison.eckstrom@bclplaw.com
christopher.archibald@bclplaw.com

**MASCHOFF BRENNAN GILMORE & ISRAELSEN, PLLC**
Robert E. Boone III, California Bar No. 132780
Quincy J. Chuck, California Bar No. 307857
100 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone:  (949) 202-1900
Facsimile:  (949) 453-1104
E-Mail:  rboone@mabr.com
qchuck@mabr.com

Attorneys for Defendant
THE PICTSWEET COMPANY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| JESSE ANCIOLA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE PICTSWEET COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 22CV05170<br><br>**DEFENDANT THE PICTSWEET COMPANY'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Hon. Jed Beebe<br>Dept. 4<br><br><br>Complaint Filed:   December 29, 2022 |

Defendant THE PICTSWEET COMPANY ("Defendant") hereby responds to the allegations contained in the Class Action Complaint ("Complaint") filed by Plaintiff JESSE ANCIOLA ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint. Defendant further denies that Plaintiff has been injured or damaged in any manner or amount or is entitled to any relief of any kind. Without limiting the generality of the foregoing, Defendant generally and specifically denies that Plaintiff has been damaged in any way or amount, by reason of any acts or omissions of Defendant, or at all.

## SEPARATE DEFENSES

Defendant specifically reserves the right to amend its Answer to allege further affirmative defenses that it may have against Plaintiff and/or the putative class, and or/subclasses. The Court has not yet certified a class, and the putative class members are not parties to the action. Defendant further reserves the right to amend its Answer if additional defenses become apparent throughout the course of litigation.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient to Constitute a Cause of Action)

1. The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. The Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338(a), 339, 340(a), 340(b), and California Business & Professions Code section 17208.

///

///

## THIRD AFFIRMATIVE DEFENSE

(Standing)

3. The Complaint, and each cause of action alleged therein, is barred because Plaintiff lacks standing to bring one or more of the claims being asserted either on his own behalf or in his capacity as a putative class representative.

## FOURTH AFFIRMATIVE DEFENSE

(Substantial Compliance with Applicable Laws and Regulations)

4. Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Defendant has substantially complied with any and all applicable statutes, regulations, and laws.

## FIFTH AFFIRMATIVE DEFENSE

(*De Minimis*)

5. Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, on the grounds that any liability for unpaid wages is *de minimis*.

## SIXTH AFFIRMATIVE DEFENSE

(No Knowing and Intentional Failure)

6. Defendant did not knowingly or intentionally fail to provide accurate, itemized statements to Plaintiff within the meaning of California Labor Code section 226.

## SEVENTH AFFIRMATIVE DEFENSE

(All Wages Paid)

7. Defendant alleges that Plaintiff and the putative class have been paid and/or received all wages due to them by virtue of their employment.

## EIGHTH AFFIRMATIVE DEFENSE

(Good-Faith Dispute)

8. The Complaint, and each cause of action alleged therein, is barred because Defendant did not willfully fail to pay Plaintiff wages, as a good faith dispute exists as to whether any wages are due.

///

**NINTH AFFIRMATIVE DEFENSE**

(Plaintiff Secreted or Absented)

9. The Complaint, and each cause of action alleged therein, is barred to the extent Plaintiff and the putative class have secreted or absented themselves in order to avoid payment of wages, or to the extent Plaintiff refused to receive payment of wages when fully tendered.

**TENTH AFFIRMATIVE DEFENSE**

(Not Entitled to Equitable Relief)

10. Plaintiff and putative class members are not entitled to the equitable relief requested in the Complaint, or to any injunctive or other form of equitable relief, because, among other things, Plaintiff and putative class members have an adequate remedy at law if they were to succeed in this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences Doctrine)

11. Plaintiff and the putative class are not entitled to recovery on some or all of the purported causes of action because any purported loss could and should have been reduced or avoided by Plaintiff and the putative class by complying with company instructions and procedures.

**TWELFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

12. Plaintiff's and the putative class' recovery as to each purported cause of action alleged in the Complaint is barred, in whole or in part, by their failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to them.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Offset)

13. Defendant denies that it has unlawfully failed to pay any amounts for wages to Plaintiff or putative class members, or that it otherwise acted improperly. However, any entitlement that Plaintiff or putative class members may have to additional wages is subject to an offset for payments or benefits that Plaintiff or putative class members may have received (or may

receive) from Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Privilege/Legitimate Business Reasons)

14. The Complaint, and each cause of action therein, is barred, in whole or in part, because Defendant had an honest, good faith belief that all decisions, if any, affecting Plaintiff and the putative class were made by Defendant solely for legitimate, business-related reasons that were neither arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendant understood them.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(No Unjust Enrichment)

15. Defendant alleges that Plaintiff has not suffered any losses, and Defendant has not been unjustly enriched as a result of any action by Defendant. Plaintiff and the putative class, therefore, are not entitled to any disgorgement or restitution.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Business Expenses Not Incurred and/or Were Reimbursed)

16. Plaintiff's cause of action for business expense reimbursement is barred because Plaintiff did not incur any necessary expenditures or losses in direct consequence of the discharge of his duties and/or Defendant reimbursed Plaintiff for all necessary expenditures or losses incurred by Plaintiff in direct consequence of the discharge of his duties.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Waiver of Meal and/or Rest Periods)

17. To the extent that Plaintiff and the putative class did not take a meal and/or rest period during their work shifts, it was because Plaintiff and the putative class waived such meal and/or rest period.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Laches)

18. The Complaint is barred, in whole or in part, by the doctrine of laches because Plaintiff failed to raise his alleged claims in a timely fashion.

### NINETEENTH AFFIRMATIVE DEFENSE

(Waiver, Estoppel, and Consent)

19. The Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, and consent.

### TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

20. Plaintiff has failed to exhaust remedies available under statutes, regulations, rules and procedures relating to the matters alleged in the Complaint, and is barred by reason of his failure to do so.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Unclean Hands)

21. The Complaint is barred by the doctrine of unclean hands.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

22. The Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Release)

23. The Complaint is barred, in whole or in part, by the doctrine of release.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Violation of Underlying State or Federal Law)

24. Defendant is not liable for unlawful business practices under California Business and Professions Code section 17200 *et. seq.* because it is not liable to Plaintiff for any alleged violation of any underlying state or federal laws.

///

///

///

///

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(No Unfair, Misleading, or Deceptive Business Practices)

25. Defendant is not liable for violations of unfair business practices pursuant to California Business and Professions Code section 17200 *et. seq.* because its business practices were not unfair, not deceptive, and not likely to mislead anyone.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Attorneys' Fees Not Recoverable)

26. Plaintiff is precluded from recovering attorneys' fees from Defendant under applicable provisions of law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Provided All Meal and Rest Breaks)

27. Any recovery of meal or rest break premium payments is barred because Plaintiff and the putative class were provided with all meal periods and authorized and permitted to take appropriate rest periods, but freely chose to forego or waive such meal and rest periods; Defendant did not impede, discourage or dissuade Plaintiff and/or other putative class from taking appropriate meal or rest periods.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(No Willful, Knowing, or Intentional Conduct)

28. Plaintiff is not entitled to any penalties under the California Labor Code because, at all relevant times, Defendant did not willfully, intentionally, or knowingly fail to comply with the compensation provisions of the Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(No Community of Interest)

29. The putative class members do not share a community of interest in common questions of law and/or fact.

///

///

### THIRTIETH AFFIRMATIVE DEFENSE

(Representation Not Proper)

30. Plaintiff is not an adequate representative of the alleged putative class in this action nor is he similarly-situated to represent the allegedly aggrieved parties in this action.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Outside the Scope of Authority)

31. If any manager or supervisor authorized, required, requested, suffered, or permitted an employee to work off the clock or report to work without pay, or failed to pay compensation for all hours worked, such supervisor or manager acted outside the scope of his or her employment with Defendant.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Unconstitutional as Class and/or Representative Action)

32. The class and/or representative allegations are barred on the ground that, if this action is certified as a class action, Defendant's rights under the Fifth, Seventh and Fourteenth Amendments to the United States Constitution would be violated.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Arbitration Agreement)

33. The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff entered into an agreement to submit such claims against Defendant to binding arbitration and, therefore, his exclusive remedy for his claims is through final and binding arbitration. Therefore, each and every cause of action alleged in the Complaint is subject to final and binding arbitration and, accordingly, this Court lacks subject matter jurisdiction over this matter.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(No Employment Relationship)

34. The Complaint, and each purported cause of action alleged therein, is barred because Defendant did not employ Plaintiff.

///

**RESERVATION OF RIGHTS**

Defendant reserves the right, upon completion of its investigation and discovery, to file such additional affirmative defenses as may be appropriate.

WHEREFORE, Defendant hereby requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint and that the same be dismissed with prejudice;
2. That judgment be entered in favor of Defendant and against Plaintiff;
3. That Defendant be awarded costs of suit, including attorneys' fees; and
4. For such other and further relief as this Court deems just and proper.

Dated: March 7, 2023

**BRYAN CAVE LEIGHTON PAISNER LLP**
Allison C. Eckstrom
Christopher J. Archibald

By: _/s/ Christopher J. Archibald_

Christopher J. Archibald
Attorneys for Defendant
THE PICTSWEET COMPANY

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1920 Main Street, Suite 1000, Irvine, California 92614-7276.

On March 7, 2023, I caused the following document(s) described as:

**DEFENDANT THE PICTSWEET COMPANY'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

to be served on all interested parties in this action as follows:

| | |
|---|---|
| John G. Yslas<br>Aram Boyadjian<br>Andrew Sandoval<br>WILSHIRE LAW FIRM<br>3055 Wilshire Blvd., 12th Floor<br>Los Angeles, California 90010 | *Attorneys for Plaintiff*<br><br>Tel:  (213) 381-9988<br>Fax: (213) 381-9989<br><br>Email:   jyslas@wilshirelawfirm.com<br>            aboyadjian@wilshirefirm.com<br>            andrew.sandoval@wilshirefirm.com |

☒ BY MAIL – As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ BY NOTICE OF ELECTRONIC SERVICE THROUGH ONE LEGAL – I caused said document(s) to be served by means of electronic transmission to the parties and/or counsel who are registered above and set forth in said service list.

_

☒ STATE - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 7, 2023, California.

_____
Audrey Evans

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

USA.606554977.1/90V

1
PROOF OF SERVICE